# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

No. 17-20391
Summary Calendar

DARREN . . . ,

Plaintiff-Appellant

v.

CITY OF NEW YORK; STEVEN SCHWARTZ, City of New York's
Registrar/trustee; DARREN JAMES MICHAELS, City of New York's
Registered organization identified by certificate number 156-60-356317; DOES
1 THROUGH 5,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-410

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A pro se individual, identified as "darren . . .", filed a petition in the
district court seeking declaratory and injunctive relief. Essentially, the relief
sought was a name change to be reflected on a New York issued birth
certificate. The district court dismissed the petition with prejudice, finding

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-20391

that it lacked subject-matter jurisdiction.  The court alternatively stated that even if it had jurisdiction, it would decline to exercise such jurisdiction as it lacked the authority to order the relief sought by the plaintiff.  This appeal followed.

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction. *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994).  The district court determined that the plaintiff failed to show that the New York defendants waived immunity from suit.  On appeal, the plaintiff asserts that the City of New York is a privately held company and that waiver is not necessary.  This assertion is fantastical, conclusory, and not supported by any fact.  He does not show that the district court erred in finding that it lacked subject-matter jurisdiction over the New York defendants.  *See id.*

The plaintiff does not address the district court's conclusion that his birth certificate number was not a proper party to a suit.  Therefore, any challenge to this determination is deemed abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

We reject any suggestion that jurisdiction arose under the Declaratory Judgment Act.  *See* 28 U.S.C. §§ 2201–02.  That Act does not provide an independent basis for jurisdiction;  it permits declaratory relief only if there is another basis for jurisdiction. S*imi Inv. Co. v. Harris Cnty., Tex.*, 236 F.3d 240, 247 (5th Cir. 2000).  The plaintiff identifies no other valid basis for jurisdiction, and the district court did not err in dismissing the petition.  *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).  However, the judgment should have reflected a dismissal without prejudice.

Accordingly, the district court's judgment dismissing the petition is MODIFIED to be without prejudice and is AFFIRMED as modified.  The motion for summary disposition is DENIED.